UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                    Criminal No. 15-233 (PJS/FLN)

               Plaintiff,

        v.                                              **REPORT AND**
                                                            **RECOMMENDATION**

Charles Lynch Pettis,

               Defendant.
_____

Jeffrey S. Paulsen, Assistant United States Attorney, for Plaintiff.
Bruce M. Rivers for Defendant Charles Lynch Pettis.
_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on October 7, 2015 on Defendant Charles Lynch Pettis's pretrial suppression motion (ECF No. 25). This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. At the hearing, the Government offered testimony from Minneapolis Police Department ("MPD") Officer Andrew Braun and entered three exhibits into evidence.[1] For the reasons that follow, the Court recommends that Defendant's motion be **DENIED**.

## I. FINDINGS OF FACT

On April 23, 2015, around 10:30pm, Officer Braun and his partner, Officer Bennett, were responding to reports that a gray or silver sedan had sped away after shots were fired at 3500 Knox Avenue North. The vehicle then crashed into the side of a house about one block away at 35th

---

[1] The Government's exhibit 1 is a search warrant for DNA Testing for Buccal Swab; exhibit 2 is a search warrant for DNA latent fingerprints and other evidence pertaining to suspects having occupied vehicle; and exhibit 3 is Officer Braun's supplental report, MPD CAPRS supplement MP-15-145097. *See* ECF No. 34.

Avenue and Logan Avenue North, and the passengers reportedly fled the car on foot. A subsequent 911 call reported two people hiding in a backyard on the even side of the 3500 block of Penn Avenue North. Officer Braun arrived on the scene, where he observed two individuals, one of which was Defendant, walking from an alleyway between two houses, and crossing a busy intersection near the 3500 block of Penn Avenue North. Officer Braun testified that he observed from half a block away that the two men were sweaty and had dirt and brush on their clothing. Officer Braun immediately detained them. The Court assumes without deciding that at the time Defendant was detained by Officer Braun, Officer Braun did not have a description of the sedan's passengers or those reported hiding in a backyard. There were eventually, however, descriptions broadcasted that matched Defendant's clothing and hairstyle.

After Defendant was detained, the K-9 unit tracking the suspects from the scene of the crash, came around the corner of the alleyway that Officer Braun had witnessed Defendant walk through. The K-9 unit, following the scent of the suspects, crossed the direct path used by Defendant and came up to the squad car where Defendant was in custody. A handgun was later recovered from the alleyway. Defendant was then arrested.

On April 24, 2015, a search warrant for a DNA Buccal Swab of Defendant was signed based on an affidavit written by MPD Sergeant Stephen McCarty. *See* Gov. Ex. 1. Five days later, a search warrant for latent fingerprints in a 2000 silver Ford Taurus, was signed based on a nearly identical affidavit also written by MPD Sergeant Stephen McCarty. The affidavits included the following facts: reports of shots fired into an occupied dwelling on April 23, 2015, around 10:30pm, at 3500 Knox Avenue North, which were also heard by officers nearby; a shot spotter activation which revealed three to four shots were heard in the area; officers witnessed a silver Ford Taurus speeding

away from 36th Avenue and Logan Avenue North; the vehicle then crashed into another vehicle and a house damaging a gas main; the occupants of the vehicle were then seen by officers running on the 3500 block of Logan Avenue North; the description of the occupants were black males one wearing light color clothing and the other wearing dark color clothing; a witness (identified as H.M.) flagged down officers and reported that she observed two males matching the description standing between apartment buildings on the 3500 block of Penn Avenue North, looking at the police cars on the perimeter; two males were stopped by officers while walking away; and a handgun was recovered from where H.M. and the officers had seen the two males walking from and a black hooded sweatshirt was found in front of one of the apartment buildings.

### III. CONCLUSIONS OF LAW

Defendant asserts that the initial detention was a violation of his Fourth Amendment right to be protected against unreasonable search and seizure. ECF No. 25. He, therefore, seeks to suppress the physical evidence obtained from the subsequent search warrants, arguing that if the initial detention lacked probable cause, any subsequent search warrants lacked the requisite probable cause as well.

Assuming without deciding that the search warrants lacked requisite probable cause, and that at the moment Pettis was initially seized, Officer Braun lacked the requisite probable cause to initiate the seizure, the Court concludes that the evidence is nonetheless admissible under the good-faith exception to the exclusionary rule as articulated in *United States v. Leon*, 468 U.S. 897, 922 (1984). *See also United States v. Clay*, 646 F.3d 1124 (8th Cir. 2011) ("[T]he exclusionary rule should not be applied so as to bar the admission of evidence obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate, even if that

search warrant is later held to be invalid." (citing *Leon*, 468 U.S. at 900)). The Eighth Circuit has outlined four situations where an officer's reliance on a warrant would be unreasonable: (1) the officer included information in the affidavit that he knew was false or would have known was false except for his reckless disregard of the truth; (2) the affidavit is so lacking in probable cause that it is objectively unreasonable for the officer to rely on it; (3) the judge failed to act in a neutral and detached manner; or (4) the warrant is so facially deficient that the officer cannot reasonably presume the warrant to be valid. *United States v. Phillips*, 88 F.3d 582, 586 (8th Cir. 1996) (citing *Leon*, 468 U.S. at 922).

Here, the Defendant does not allege that the affidavits, which are nearly identical in both search warrants, included false information or that the affidavits themselves are objectively unreasonable. Additionally, Defendant does not contend that the judge failed to act in a neutral or detached manner in issuing the search warrants nor that the warrants were facially deficient. Finally, Defendant does not say that any evidence was taken from his person during an unlawful detention or that any such evidence was then used in an affidavit to obtain the search warrants in question. Defendant only contends that the ability to have sought out the search warrants was predicated on an unlawful stop that lacked probable cause. Assuming without deciding that Defendant was unlawfully arrested, the Court concludes that any evidence obtained pursuant to the search warrants is admissible under the good faith exception to the exclusionary rule.

### III. RECOMMENDATION

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's motion to suppress evidence obtained by search and seizure (ECF No. 25) be **DENIED**.

DATED: October 28, 2015                     *s/Franklin L. Noel*
                                            FRANKLIN L. NOEL
                                            United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before November 12, 2015 written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.


Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **November 12, 2015** a complete transcript of the hearing.


This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.