UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 15-CR-0233 (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER |
| CHARLES LYNCH PETTIS, | |
| Defendant. | |

Jeffrey S. Paulsen, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

R.J. Zayed, DORSEY & WHITNEY LLP, for defendant.

This matter is before the Court on defendant Charles Pettis's objection to the March 16, 2016 Report and Recommendation ("R&R") of Magistrate Judge Franklin L. Noel. In the R&R, Judge Noel recommends denying Pettis's motion to suppress evidence and for a *Franks*[1] hearing. Judge Noel finds that Minneapolis Police Sergeant Stephen McCarty's affidavit in support of warrant applications targeting Pettis's DNA and the car from which he allegedly fled after a drive-by shooting did not contain any false statements made intentionally or with reckless disregard for the truth. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b). Based on that review, the Court agrees with Judge Noel's analysis and adopts his R&R.

---

[1] *See generally Franks v. Delaware*, 438 U.S. 154 (1978).

In particular, the Court agrees with Judge Noel that Pettis has not made a substantial preliminary showing—as he must to obtain a *Franks* hearing, *United States v. Crissler*, 539 F.3d 831, 833-34 (8th Cir. 2008)—that Sergeant McCarty intentionally or recklessly disregarded the truth (1) in making the natural inference that men seen by witnesses running and hiding near where the crashed car was abandoned had been the occupants of the car, (2) in describing the location where a handgun was found after police apprehended Pettis, or (3) in omitting the detail that some witnesses observed one of the drive-by shooters wearing a white or grey sweatshirt (when in fact a black sweatshirt was recovered).

The Court further notes that even if the warrant applications contained inaccurate information, the fact that Sergeant McCarty *omitted* additional information that linked Pettis to the shooting and the car—and thus bolstered probable cause for the warrants—makes it even less likely that any mistakes were intentional or reflected reckless disregard for the truth. Sergeant McCarty did not mention, for example, the telling fact that a police dog had tracked a scent from the abandoned vehicle to the squad car in which Pettis was sitting. ECF No. 62-1 at 18. Although it is true that such additional information may not be used retroactively to shore up the application, *United States v. Reinholz*, 245 F.3d 765, 775 (8th Cir. 2001), the additional information *can* be used to show that the applicant was not deliberate or reckless in preparing the flawed

application, *United States v. Williams*, 718 F.3d 644, 651-52 (7th Cir. 2013) ("The fact that time pressure led the police to exclude both significantly favorable and unfavorable evidence from the warrant application supports the inference that the police acted negligently rather than recklessly or deceptively.").

In short, the Court agrees with Judge Noel that Pettis has failed to make a substantial preliminary showing that Sergeant McCarty made false statements intentionally or with reckless disregard for the truth, and therefore Pettis's motion for a *Franks* hearing and to suppress evidence is denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES Pettis's objection [ECF No. 72] and ADOPTS the March 16, 2016 R&R [ECF No. 71]. IT IS HEREBY ORDERED THAT Pettis's motion to suppress and for a *Franks* hearing [ECF No. 61] is DENIED.

Date: April 11, 2016      s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge