UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,                          Case No. 15-CR-0233 (PJS/FLN)

                    Plaintiff,

v.                                                 MEMORANDUM OPINION

CHARLES LYNCH PETTIS,

                    Defendant.

Jeffrey S. Paulsen, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Robert H. Meyers, OFFICE OF THE FEDERAL DEFENDER, for
defendant.

In September 2016, the Court sentenced defendant Charles Lynch Pettis to

120 months' imprisonment for being a felon in possession of a firearm.  ECF No. 117.  At

sentencing, the Court rejected the government's argument that Pettis's three prior

convictions for simple robbery under Minn. Stat. § 609.24 and two prior convictions for

first-degree aggravated robbery under Minn. Stat. § 609.245, subd. 1 were "violent

felonies" for the purposes of the Armed Career Criminal Act ("ACCA"), 18 U.S.C.

§ 924(e)(1).  *See United States v. Pettis*, No. 15-CR-0233 (PJS/FLN), 2016 WL 5107035, at

*2-6 (D. Minn. Sept. 19, 2016).[1]  On appeal, the Eighth Circuit held that Pettis's

_____

        [1]In later cases, the Court said that it had concluded that it had "erred in *Pettis*"
and that simple robbery under Minnesota law was, in fact, a "violent felony" for
purposes of the ACCA.  *United States v. Early*, No. 15-CR-0106 (PJS/FLN), 2017 WL

                                                              (continued...)

convictions *were* predicate offenses under the ACCA, vacated his sentence, and remanded the case for resentencing. *United States v. Pettis*, 888 F.3d 962 (8th Cir. 2018).

A revised presentence report ("PSR") was prepared and, reflecting the Eighth Circuit's decision, the PSR identified all five convictions as violent felonies for purposes of the ACCA. Pettis objected, arguing that—notwithstanding the Eighth Circuit's holding to the contrary—*none* of these convictions qualify as predicates under the ACCA. On May 17, 2019, the Court rejected Pettis's argument, found that he was an armed career criminal, and sentenced him to 188 months' imprisonment. Because Pettis's argument regarding the ACCA is likely to be raised by other defendants in this District, the Court issues this memorandum to explain the basis for its ruling.

A crime is a violent felony under the "force" (or "elements") clause of the ACCA if the crime "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). In *Curtis Johnson v. United States*, the Supreme Court held that "physical force" means "force capable of causing physical pain or injury to another person." 559 U.S. 133, 140 (2010).

---

[1](...continued)
4621281, at *3 n.6 (D. Minn. Oct. 13, 2017); *see also United States v. Douglas*, No. 11-CR-0324 (PJS/LIB), 2017 WL 4737243, at *4 (D. Minn. Oct. 19, 2017), *aff'd*, 759 F. App'x 554 (8th Cir. 2019); *United States v. Doss*, No. 15-CR-0106 (PJS/FLN), 2017 WL 5891688, at *3 n.4 (D. Minn. Nov. 28, 2017).

In Minnesota, a defendant commits simple robbery if he "takes personal property from the person or in the presence of another and uses or threatens the imminent use of force against any person to overcome the person's resistance or powers of resistance to, or to compel acquiescence in, the taking or carrying away of the property . . . ." Minn. Stat. § 609.24. In other words, it is impossible for anyone to be convicted of simple robbery in Minnesota unless he uses or threatens to use "force."

The Eighth Circuit has thoroughly reviewed Minnesota law and held on multiple occasions—including in this very case—that the type of "force" required by the Minnesota simple-robbery statute is (in the words of *Curtis Johnson*) "force capable of causing physical pain or injury to another person." Thus, according to the Eighth Circuit, anyone convicted of simple robbery in Minnesota has committed a violent felony under the force clause of the ACCA (or a "crime of violence" under the identical force clause of the United States Sentencing Guidelines, U.S.S.G. § 4B1.2(a)(1)). *See, e.g.,* *United States v. Henderson*, 744 F. App'x 329, 330 (8th Cir. 2018); *United States v. Bjerke*, 744 F. App'x 319, 322 (8th Cir. 2018); *United States v. Pettis*, 888 F.3d 962 (8th Cir. 2018); *United States v. Libby*, 880 F.3d 1011 (8th Cir. 2018).

That would seem to be the end of the matter. Pettis argues, however, that the recent decision of the United States Supreme Court in *Stokeling v. United States*, 139 S. Ct. 544 (2019), "adds new principles into the legal firmament" (ECF No. 152 at 3)—

and that, under these "new principles," simple robbery in Minnesota is not a violent felony under the ACCA.

In *Stokeling*, the Supreme Court considered a Florida robbery statute that (much like the Minnesota simple-robbery statute) has as an element the use of force sufficient to overcome a victim's resistance. The question presented was whether robbery in Florida categorically qualifies as a violent felony under the ACCA. The Supreme Court held that it did because "robbery that must overpower a victim's will—even a feeble or weak-willed victim—necessarily involves a physical confrontation and struggle." *Stokeling*, 139 S. Ct. at 553.

At first glance, then, Pettis's argument that *Stokeling* helps him seems implausible. The only real impact that *Stokeling* had on the law was to clarify—and (at least arguably) to lower—the type of force that qualifies as "physical force" under the ACCA. (The dissenting justices accused the majority of holding that "no more than minimal force" is necessary. *Id.* at 565 (Sotomayor, J., dissenting)). It seems hard to believe that a Supreme Court opinion that *lowered* the threshold for what qualifies as "physical force" under the ACCA would somehow cause the Eighth Circuit to revisit its holdings that the type of force required by the Minnesota simple-robbery statute is sufficient to qualify as "physical force" under the ACCA.

Pettis, however, points to a couple of sentences that appear at the end of *Stokeling*, where the Supreme Court describes the Florida robbery statute. In those sentences, the Supreme Court explains that no one can be convicted of robbery in Florida unless he has used force that is sufficient to overcome resistance by a victim. To "illustrate" this principal, the Supreme Court describes a couple of Florida cases. In one, a Florida state court held that "a defendant who grabs the victim's fingers and peels them back to steal money commits robbery in Florida." *Id.* at 555 (majority opinion). In the other, a Florida state court held that "a defendant who merely snatches money from the victim's hand and runs away has not committed robbery." *Id.*

Pettis asserts that *Stokeling* thereby "introduced an as-yet unexplored notion" in the law—the notion being that "sudden snatch-and-flee robbery *would fail* to qualify under the ACCA force clause." ECF No. 154 at 2. But there is nothing new or novel about this notion. In order to commit robbery in Florida, the defendant must not just use any kind of force, but force sufficient to overcome the victim's resistance. Snatching money out of the victim's hand and running away does not involve the use of such force, so it is not robbery.

More importantly, this notion does not help Pettis. Just as someone who merely snatches property and flees cannot be convicted of robbery in Florida, such a person also cannot be convicted of robbery in Minnesota. Again, committing simple robbery

under Minnesota law requires that a defendant "use" or "threaten[] the imminent use" of force to "overcome the person's resistance" or "to compel [his or her] acquiescence[.]" *See* Minn. Stat. § 609.24. Thus, as the commentary to the simple-robbery statute explains, a defendant who "snatches a purse from the hand of a lady" commits larceny. But if the lady "hangs on and he uses force to overcome her resistance, it is robbery." The Minnesota Supreme Court likewise distinguishes between robbery and lesser offenses by focusing on the force involved in the crime. "[A] simple purse snatching usually constitutes theft[,]" but "pushing or grabbing a person during that theft" may elevate the crime to robbery. *State v. Slaughter*, 691 N.W.2d 70, 76 (Minn. 2005).

Pettis makes much of the fact that, under Minnesota law, someone can be convicted of simple robbery regardless of whether he used force in what Pettis calls the "taking" phase of the robbery or during what Pettis calls the "carrying away" phase of the robbery. But even assuming that robberies can be so neatly dissected, Pettis's distinction is irrelevant. The point remains that one cannot be convicted of simple robbery in Minnesota unless that person has used force—and that is all that matters for purposes of the force clause of the ACCA.

Belatedly recognizing this, Pettis tries in his reply brief to distinguish between the force used in the "taking" phase of robbery and the force used in the "carrying

away" phase. Pettis asserts that force used in the "taking" phase of a robbery "necessarily involves a physical confrontation and struggle" (the phrase used in *Stokeling*, 139 S. Ct. at 553) and thus qualifies as "physical force" under the ACCA. But, says Pettis, force used during the "carrying away" phase of a robbery does not "necessarily involve a physical confrontation and struggle" and thus does not necessarily qualify as "physical force" under the ACCA.

Pettis's argument is supported in neither logic nor law.

As a factual matter, Pettis's argument is illogical. There simply is no reason why the force used to overcome a victim's resistance to having her property taken is necessarily more severe than the force used to overcome a victim's resistance to having her property carried away. Put differently, there is no reason why "taking" property "necessarily involves a physical confrontation and struggle," but "carrying away" property does not. If anything, overcoming a victim who is trying to keep a piece of property from being taken from her would generally require less force than overcoming a victim who is trying to keep stolen property from being carried away by the robber. The first situation involves the victim trying to keep her purse or watch or other item from being taken from her; the second situation involves the victim trying to keep a human being from getting away.

As a legal matter, Pettis's argument is completely without support. He cannot

cite a single case—not one—in which any Minnesota court has even hinted that the

force necessary to overcome a victim's resistance to the carrying away of her property is

somehow different from the force necessary to overcome a victim's resistance to the

taking of her property. Instead, he relies on the same cases that he relied on before the

Eighth Circuit and argues now—as he argued then—that the type of force required by

the simple-robbery statute is insufficient to qualify as "physical force" for purposes of

the ACCA.

Pettis relies primarily on *State v. Burrell*, 506 N.W.2d 34 (Minn. Ct. App. 1993). In

*Burrell*, the defendant entered a convenience store and stuffed some cigarette cartons

into his coat. After the defendant left the store, the owner chased the defendant down

the street. The defendant got away with the cigarettes after pushing, punching, and

biting the owner. *Id.* at 35. On appeal, the Minnesota court affirmed his conviction

because, although the defendant did not use force to overcome any resistance to the

"taking" of the cigarettes, he did use force to overcome the victim's resistance to the

"carrying away" of her property. *Id.* at 35-36.

Pettis claims that, under *Burrell*, snatching property and fleeing would be enough

to sustain a simple-robbery conviction, so long as the defendant used even minimal

force—such as grazing the victim's arm—in carrying away the property. But *Burrell*

says no such thing. Pettis points to language in *Burrell* saying that "[m]ere force suffices

for the simple robbery statute." *Id.* at 37. But, as the Eighth Circuit has already

explained to Pettis, the *Burrell* court used that language in distinguishing the elements

of simple robbery from the elements of aggravated robbery.[2] Aggravated robbery

requires that the force employed lead to the "actual infliction of bodily harm," whereas

simple robbery requires "mere force"—in other words, force without injury. *Pettis*, 888

F.3d at 965. Nothing in *Burrell*—which involved a violent altercation complete with

punching and biting—suggests that snatching and fleeing would be enough to sustain a

robbery conviction as long as the robber merely grazed the arm of his victim.

Next, Pettis cites several cases purportedly saying that "the degree of force used"

during the crime is "immaterial" under the simple-robbery statute. But all of the

sources cited by Pettis are rooted in the same case: *Duluth Street Railway Co. v. Fidelity &*

---

[2]The Eighth Circuit reasoned:

> We find that a conviction for simple robbery under Minnesota law
> requires proof of the use, attempted use, or threatened use of violent force.
> In resisting this conclusion, Pettis relies on a Minnesota Court of Appeals'
> statement that "[m]ere force suffices for the simple robbery statute," *see*
> *State v. Burrell*, 506 N.W.2d 34, 37 (Minn. Ct. App. 1993), and he seems to
> suggest that "mere force" equates to "mere touching," or at least to force
> that falls below *Johnson*'s threshold. In context, however, the language in
> [*State v. Burrell*] distinguished the "mere force" required for simple
> robbery from the actual infliction of bodily harm required for an
> aggravated-robbery conviction.

*Pettis*, 888 F.3d at 965.

*Deposit Co.*, 161 N.W. 595 (Minn. 1917). *See* ECF No. 152 at 17 (citing *Duluth St. Ry. Co.*);

ECF No. 154 at 6 (relying on *State v. Batton*, No. CX-94-2462, 1995 WL 497442 (Minn. Ct.

App. Aug. 22, 1995), which in turn cites *Duluth St. Ry. Co.*).

As the Eighth Circuit has also explained to Pettis, *Duluth Street Railway Co.* does

not interpret Minnesota's simple-robbery statute, which did not exist at the time of the

decision. Rather, it is a civil opinion interpreting an insurance policy. That is why the

Eighth Circuit has twice said (including once to Pettis) that *Duluth Street Railway Co.* is

"entirely inapposite." *Pettis*, 888 F.3d at 965 n.1; *see Libby*, 880 F.3d at 1016 n.4; *see also*

*United States v. Jennings*, 860 F.3d 450, 455-56 (7th Cir. 2017) (finding *Duluth St. Ry. Co.*

"barely relevant, let alone instructive" when it comes to interpreting Minnesota's

simple-robbery statute). More fundamentally, *Duluth Street Railway Co.*'s suggestion

that any force whatsoever is enough to sustain a simple-robbery conviction was a

comment on the common law. Pettis was convicted under a *statute*, not the common

law, and what matters under the force clause of the ACCA is the elements of that

*statute*.

Time and again—including in this very case—the Eighth Circuit has held that a

defendant cannot be convicted of simple robbery under the Minnesota statute unless he

uses, attempts to use, or threatens to use "physical force against the person of another"

for purposes of the force clause of the ACCA. *See Pettis*, 888 F.3d at 966 ("Thus, state

caselaw supports a finding that Minnesota simple robbery requires violent force and qualifies as a predicate offense under the ACCA."); *Libby*, 880 F.3d at 1016 (holding that simple robbery is categorically a violent felony under the ACCA).  Nothing about the Supreme Court's decision in *Stokeling* calls these holdings into question.  Thus,  Pettis's convictions for simple robbery qualify as violent felonies under the ACCA.

As Pettis recognizes, it is impossible to commit first-degree aggravated robbery in Minnesota without committing simple robbery.  Because simple robbery is a violent felony under the force clause of the ACCA, so, too, is first-degree aggravated robbery.  Thus, Pettis's two convictions for first-degree aggravated robbery also qualify as violent felonies under the ACCA.

For these reasons, the Court concludes that Pettis qualifies as an armed career criminal under the ACCA.

Dated:  May 20, 2019                                sPatrick J. Schiltz
                                                    Patrick J. Schiltz
                                                    United States District Judge