UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 15-CR-0233 (PJS/FLN) |
| | Case No. 25-CV-0637 (PJS) |
| Plaintiff, | |
| v. | ORDER |
| CHARLES LYNCH PETTIS, | |
| Defendant. | |

Defendant Charles Pettis pleaded guilty to being a felon in possession of a firearm and, on May 17, 2019, was sentenced to 188 months in prison. ECF Nos. 88, 156. This matter is before the Court on Ground Two of Pettis's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Having reviewed the parties' briefing, the Court agrees with the government that Ground Two must be denied as time-barred.[1]

---

[1] The Court previously denied Pettis's motion with respect to Grounds One and Three. *See* ECF No. 187. Pettis has since filed a "supplemental" brief contending that he should be granted relief under Amendment 821 to the United States Sentencing Guidelines, which retroactively limits the impact of "status points" applicable under U.S.S.G. § 4A1.1. ECF No. 190.

At his 2019 sentencing, Pettis received two status points pursuant to the 2018 version of the Guidelines. ECF No. 148 ¶¶ 21, 56. Under the current version of the Guidelines, Pettis would receive only one point. Even without any status points, however, Pettis had 21 criminal-history points, *id.* ¶ 55, far more than necessary to place him in criminal-history category VI. Moreover, because Pettis was found to be an armed career criminal who used a firearm in connection with a crime of violence, he is automatically in criminal-history category VI. ECF No. 148 ¶ 57; *see* U.S.S.G. § 4B1.4(c)(2) (2018). Amendment 821 therefore did not lower Pettis's sentencing range.

(continued...)

In Ground Two, Pettis seeks relief under *Erlinger v. United States*, 602 U.S. 821 (2024). *Erlinger* held that, for the Armed Career Criminal Act ("ACCA") to apply, either a jury must find beyond a reasonable doubt, or a defendant must admit, that his three predicate offenses meet the statutory requirement of having been "committed on occasions different from one another." *Id.* at 825, 834–35; *see also* 18 U.S.C. 924(e)(1). Because Pettis did not admit that his predicate offenses were committed on different occasions, he argues, the ACCA does not apply to him, and his 188-month sentence exceeds the statutory maximum for a non-ACCA felon-in-possession conviction.

Under 28 U.S.C. § 2255(f), a prisoner must bring a § 2255 motion within one year of the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1](...continued)
As a result, the Court does not have authority to reduce his sentence on the basis of that amendment. *See* 18 U.S.C. § 3582(c)(2).

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Pettis's conviction became final in June 2021, when the Supreme Court denied his petition for certiorari. ECF No. 176; *United States v. McIntosh*, 332 F.3d 550, 550 (8th Cir. 2003) (per curiam). Under § 2255(f)(1), therefore, Pettis had until June 2022 to file a § 2255 motion. Pettis did not do so. Instead, he argues that his motion is timely under § 2255(f)(3) because *Erlinger* represents a "newly recognized" right that has been "made retroactively applicable to cases on collateral review."

Pettis initially argued that *Erlinger* is retroactively applicable because it established a "watershed" rule of criminal procedure. *See Sun Bear v. United States*, 644 F.3d 700, 703 (8th Cir. 2011) (en banc) ("Under *Teague v. Lane*, [489 U.S. 288 (1989),] a new rule of criminal procedure is not retroactively applied to collateral attacks on a final conviction unless it is a 'watershed' rule."). The Supreme Court recently eliminated the "watershed" exception, however, holding that procedural rules are never retroactively applicable on collateral review. *See Edwards v. Vannoy*, 593 U.S. 255, 272 (2021) ("New procedural rules do not apply retroactively on federal collateral review. The watershed exception is moribund.").

Apparently in response to the government's invocation of *Edwards*, Pettis now contends in his reply brief that *Erlinger* is a substantive rule. He is plainly incorrect. *See*

*Schriro v. Summerlin*, 542 U.S. 348, 353 (2004) ("requiring that a jury rather than a judge find the essential facts bearing on punishment" is a "prototypical procedural rule[]").

Because *Erlinger* is not retroactive, § 2255(f)(3) is inapplicable. Ground Two of Pettis's § 2255 motion is therefore dismissed as untimely.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to dismiss [ECF No. 191] is GRANTED.

2. Defendant's motion to vacate, set aside, or correct his sentence [ECF No. 183] is DENIED.

3. No certificate of appealability will issue.

4. Defendant's supplemental brief [ECF No. 190], which the Court construes as a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 1, 2025      /s/ Patrick J. Schiltz
                            Patrick J. Schiltz, Chief Judge
                            United States District Court